**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KALA SINGH, | : | **Hon. Faith S. Hochberg** |
|  | : |  |
| Petitioner, | : |  |
|  | : | Civil No. 10-3206 (FSH) |
| v. | : |  |
|  | : |  |
| ERIC HOLDER, etc., et al., | : | **OPINION** |
|  | : |  |
| Respondents. | : |  |

**APPEARANCES**:

> KALA SINGH, A094-002-974
> Bergen County Jail
> 160 S. River Street
> Hackensack, New Jersey 07601
> Petitioner Pro Se

**HOCHBERG**, District Judge

Kala Singh, a native and citizen of India, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention in the custody of Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security ("DHS"). Petitioner challenges his detention as not statutorily authorized and in violation of due process guaranteed by the Fifth Amendment, and he seeks an order directing respondents to release him from custody. Because Petitioner has not alleged facts showing that his removal is statutorily unauthorized or violates his due process rights, this Court will summarily dismiss the Petition, without prejudice to the filing of an amended petition which asserts sufficient facts.

## I.  BACKGROUND

Petitioner challenges his detention by ICE/DHS at the Bergen County Jail in Hackensack, New Jersey.  The 28-page typed Petition consists primarily of  legal arguments and citations to statutes and case law.  The facts concerning Petitioner's removal proceedings and detention are sparse.  Petitioner is a citizen of India.  Petitioner asserts that on September 9, 2009, DHS issued a Notice to Appear for removal pursuant to Section 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i), for entering the United States without being admitted or paroled.  Petitioner states that DHS took him into custody on that date.  Petitioner asserts that "[o]n September 30, 2009, Petitioner appeared in an Immigration Courtroom at Varick Street, New York [before] the Honorable Judge Steve Abrams.  Petitioner neither had a private counsel or a legal counsel in his defense present that day.  Immigration Judge Abrams advised the Petitioner that he's not eligible for relief under 212(c) and was forced to relinquish his rights out."  (Docket Entry #1, p. 3.) Petitioner asserts that on October 19, 2009, he received a Notice to Alien of File Custody Review which indicated that officials would consider his release on an order of supervision on December 10, 2009.  (Id.)  Petitioner alleges that on November 20, 2009, December 21, 2009, January 3, 2010, March 24, 2010, April 21, 2010, and June 14, 2010, he received notices entitled Warning for Failure to Depart (Form I-229(a)).[1]  (Id. at 3, 5.)  Petitioner states that he "is totally fatigued and is asking for release on Supervision, 9 months with no procedure nor any response about petitioner deportability by ICE nor the DHS.  As of this Petition, he has been languish[ing] ever since in the custody of Immigration & Customs Enforcement."  (Id. at p. 5.)  Petitioner seeks a Writ of Habeas Corpus "to remedy Petitioner's unlawful detention and seek[s] preliminary

---

[1] No documents were attached to the Petition.

2

injunctions declaring 8 U.S.C. § 1231, Immigration and Naturalization Act (INA) 236(c) is

unconstitutional on its face." [2]  (Id. at p. 1.)

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v.

Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the

grounds for relief available to the petitioner," "state the facts supporting each ground," "state the

relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of

perjury.  28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a

responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4, applicable

through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas

petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal

without the filing of an answer or the State court record has been found warranted when "it

appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d

37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856;

---

[2] The statutory authority for the detention of aliens depends on the stage of the removal proceeding.  Section 236(a), codified at 8 U.S.C. § 1226(a), provides that an alien may be arrested and "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).  Section 236(c)(1), codified at 8 U.S.C. § 1226(c)(1), governs the mandatory pre-removal period detention of certain criminal aliens.  Section 1231(a)(2) requires detention of aliens during the 90-day removal period.  Section 1231(a)(6) authorizes the post-removal period detention of aliens.  See Rodney v. Mukasey, 340 Fed. App'x 761 (3d Cir. 2009).  Petitioner's reference to sections 1226(c) and 1231(a) is baffling, since at any point in time, detention of an alien may be governed by only one of these statutes.  See supra. at pp. 5-8.

<u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[3]

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  <u>See also</u> Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted."  § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.  If the court orders the State to file an answer, that pleading must "address the allegations in the petition."  Rule 5(b).

<u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005).

---

[3] For example, the Third Circuit has held that vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court. <u>Thomas</u>, 221 F.3d at 437; <u>United States v. Dawson</u>, 857 F.2d 923, 928 (3d Cir. 1988).

### III.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates his constitutional rights.  See Nnadika v. Attorney General, 484 F. 3d 626, 632 (3d Cir. 2007); Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005).

B.  Statutory Authority for Detention

Petitioner contends that his detention is not statutorily authorized, but he does not assert enough facts for this Court to determine which statute governs his detention.  While Petitioner argues that § 1226(c)(1) and § 1231(a)(6) are unconstitutional, his present detention cannot be governed by both statutes at the same time.  As fully explained below, without facts allowing this Court to identify Petitioner's removal status, and whether there is a final order of removal, this Court cannot determine whether Petitioner's detention is statutorily authorized or unconstitutional.

5

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States.  See 8 U.S.C. § 1226(a).  Section 1226(a) provides:  "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."  8 U.S.C. § 1226(a).  Section 1226(c) mandates detention pending a final removal decision for a limited class of criminal aliens.  See 8 U.S.C. § 1226(c)(1).  Thus, sections 1226(a) and (c)(1) govern the pre-removal period detention of aliens.[4]

Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period."  See  8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').")  8 U.S.C. § 1231(a)(1)(A).  Section 1231(a)(2) requires the Attorney General to detain an alien during the 90-day removal period:

> During the removal period, the Attorney General shall detain the alien.  Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a)(2).

---

[4] In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court upheld the constitutionality of § 1226(c), and ruled that mandatory detention of criminal aliens during removal proceedings is a constitutionally permissible part of the removal process.  "[T]he statutory provision at issue governs detention of deportable criminal aliens *pending their removal proceedings*.  Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed."  Id. at 527-28.

6

Significantly, § 1231(a)(1)(B) specifies that

> [t]he removal period begins *on the latest* of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added).

If the DHS does not remove the alien within the 90-day removal period, then § 1231(a)(6) authorizes the Attorney General to thereafter continue to detain the alien.  Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." <u>Zadvydas</u>, 533 U.S. at 689.[5]  However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by

---

[5] <u>See also</u> <u>Clark v. Martinez</u>, 543 U.S. 371, 384 (2005).

7

statute."  Id. at 699.  To guide habeas courts, the Court recognized six months as a "presumptively reasonable period" of post-removal-period detention.  Id. at 701.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."  Id.

Thus, the statutory authority to detain an alien depends on the stage of the removal proceeding and an alien's detention cannot be governed by sections 1226 and 1231 at the same time.  In this case, Petitioner maintains that his detention is statutorily unauthorized and that sections 1226(c) and 1231(a)(6) are unconstitutional, but the Petition does not provide facts showing where Petitioner is in the course of his removal proceeding, i.e., the facts asserted do not indicate whether or not Petitioner's removal is final.  Since the facts asserted in the Petition are insufficient to allow this Court to determine which statute might govern Petitioner's current detention, Petitioner has not shown that he is in custody in violation of the Constitution or laws or treaties of the United States within 28 U.S.C. § 2241(c)(3).  This Court is constrained to dismiss the Petition without prejudice to the filing of an amended petition within 45 days.[6]

---

[6] If Petitioner's order of removal is final, then his detention is governed by 8 U.S.C. § 1231(a)(6) and, to avoid summary dismissal, the amended petition must assert facts showing "good reason to believe that there is no significant likelihood of removal [to India] in the reasonably foreseeable future."  Zadvydas, 533 U.S. at 701.

8

### III.  CONCLUSION

The Court will dismiss the Petition without prejudice to the filing of an amended petition within 45 days.


s/ Faith S. Hochberg
**FAITH S. HOCHBERG**
United States District Judge


DATED:  February 2, 2011